**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

CRIMINAL CASE NO. 13-8-DLB-CJS-18

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                         **MEMORANDUM ORDER**

DARYL ISBEL                                                   DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Defendant Daryl Isbel's Motion to Clarify Court's Previous Order Awarding Jail Time Credit in the Amount of Six Months, which the Court construes as a motion seeking jail time credit toward his federal sentence for time previously served in state custody. (Doc. # 1581). Although the United States has not had an opportunity to respond, the Court finds that adjudicating Defendant's Motion at this time is appropriate, without the need for and benefit of a responsive filing by the Government. For the reasons set forth below, Defendant's Motion is **denied** without prejudice.

The subject Motion relates to the interaction of two criminal judgments entered against Defendant Daryl Isbel ("Isbel"), one imposed by the Municipal Court of Hamilton County, Ohio, and the other imposed by the United States District Court for the Eastern District of Kentucky in the instant case. First, on October 18, 2012, a grand jury returned an Indictment against Isbel in the Hamilton County, Ohio Municipal Court for possession

of heroin in violation of Ohio Rev. Code § 2925-11(A).[1]  On January 18, 2013, Isbel was taken into state custody.  *See id.*  After pleading guilty, Defendant Isbel was subsequently sentenced to one year of imprisonment on February 26, 2013.  *Id.*

On April 11, 2013, while Isbel was serving his one-year state prison sentence, a Superseding Indictment was returned against Isbel In the instant case for conspiracy to distribute oxycodone in violation of 21 U.S.C. § 846.  (Doc. # 364).  On April 15, 2013, the Court entered an Order granting the Government's Motion for a Writ of Habeas Corpus *Ad Prosequendum* commanding the warden of Pickaway Correctional Institution in Orient, Ohio, to deliver Isbel to the United States Marshal for the Eastern District of Kentucky for arraignment and other proceedings.  (Doc. # 377).  On July 18, 2013, Isbel appeared before the Court for rearraignment and pleaded guilty to conspiracy to Count 1 of the Superseding Indictment.  (Doc. # 802; Doc. # 1079).  Subsequently, on December 19, 2013, then U.S. District Judge Amul Thapar sentenced Isbel to 115 months of imprisonment, with a 20-year term of supervised release to follow.[2]  (Doc. # 1079).  Oversight of this matter was reassigned to the undersigned in May, 2017 when Judge Thapar was elevated to the Sixth Circuit Court of Appeals (Doc. # 1552).  Central to Isbel's subject Motion, the Judgment further ordered that "this sentence shall be imposed to run

---

[1] See *State of Ohio v. Daryl Isbel*, Hamilton County, Ohio Case No. B 1206858, available at https://courtclerk.org/data/case_summary.asp?sec=history&casenumber=B1206858 (last visited January 30, 2018).  The Court is permitted to take judicial notice of these public records pursuant to Fed. R. Evid. 201.  *See United States ex rel. Dingle v. BioPort Corp.*, 270 F. Supp.2d 968, 972 (W.D. Mich. 2003) ("Public records and government documents are generally considered not to be subject to reasonable dispute.  This includes public records and government documents available from reliable sources on the Internet.") (internal quotation marks and citations omitted).

[2] On August 28, 2015, the Court entered an Order Regarding Motion for Sentence Reduction and reduced Defendant's sentence of imprisonment from 115 months to 96 months pursuant to 18 U.S.C. § 3582(c)(2).  (Doc. # 1412).

partially concurrently (six [6] months), partially consecutively (6 [six] months) with Hamilton County, Ohio Case No. B1206858." (Doc. # 1079). Isbel is presently set to be released on November 8, 2019.

On January 22, 2018, Defendant Isbel filed the subject Motion to Clarify, contending that the 96-month term of imprisonment imposed by this Court for his conviction under 21 U.S.C. § 846 is not being carried out in accordance with the Court's December 19, 2013 Judgment. (Doc. # 1079). Specifically, Isbel takes issue with how the Federal Bureau of Prisons ("BOP") has calculated his term of imprisonment under the Court's Judgment, arguing that the BOP has misapplied the Court's Judgment Order with respect to the partial, six-month concurrence with the Hamilton County, Ohio sentence. (Doc. # 1581). Isbel contends that the BOP improperly "has refused to award the 6 months credited by this Court." (Doc. # 1581). Isbel requests a Court order redirecting the BOP to award the 6 months jail time credit, which Isbel argues would make him immediately eligible to be placed in a halfway house in light of his completion of the Residential Drug Abuse Program ("RDAP") administered by the BOP. (*Id.*).

To the extent the Court construes Defendant's Motion as a Motion seeking credit on his federal sentence, the Court lacks jurisdiction over such a request. It is well-settled that once "a district court sentences a federal offender, the Attorney General, through the [BOP], has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a)). The scope of the BOP's general responsibility includes the specific responsibility to compute jail-time credit pursuant to 18 U.S.C. § 3585(b). *Id.*

Before Isbel may seek district court review of his sentence calculation, he must first petition the BOP with his request on how the jail time under the state convictions is credited against the term of imprisonment of his federal sentence. *See Wilson*, 503 U.S. at 333. If the BOP in the exercise of its authority determines a release date contrary to what Defendant Isbel believes is called for by the Court's Judgment, Isbel is afforded administrative review of the BOP's computation. The BOP has developed detailed procedures and guidelines for determining the credit available to prisoners; accordingly an inmate wishing to challenge the computation of his time-served credit by the BOP must first exhaust the four-tiered administrative review process.[3] Wilson, 503 U.S. at 335 (citing 28 C.F.R. §§ 542.10 – 542.19).

Only after the inmate has exhausted the BOP administrative review process may he seek judicial relief. *United States v. Westmoreland*, 974 F.2d 736, 738 (6th Cir. 1992), *cert. denied*, 507 U.S. 1019 (1993) (holding that until the Attorney General makes a determination on computing time-served credit, the case is not ripe for review by a district court). Defendant carries the burden to demonstrate exhaustion. *See United States v. Dowell*, 16 F. App'x 415, 420 (6th Cir. 2001). Only after the inmate has exhausted these remedies may he seek judicial relief. *See Westmoreland*, 974 F.2d at 738.

Moreover, once administrative remedies have been exhausted, the proper means for an inmate to seek judicial relief is through a habeas petition filed pursuant to 28 U.S.C.

---

[3] The BOP's administrative review process requires the inmate to first attempt to resolve his complaint informally with his prison counselor. 28 C.F.R. § 542.13. If that attempt fails, the inmate may then submit a formal written Administrative Remedy Request to the warden, using form BP-9. 28 C.F.R. § 542.14. After the warden's response, if still unsatisfied, the inmate may file an appeal to the appropriate Regional Director using form BP-10. 28 C.F.R. § 542.15. Finally, the inmate may file a final administrative appeal to the Office of the General Counsel in Washington, D.C., using Form BP-11. *Id.*

§ 2241 in the federal district and division of custody.[4] *See Alvey v. United States*, 899 F.2d 1221, 1990 WL 40080, at *1 (6th Cir. 1990) (table decision) ("[A] federal prisoner who wishes to raise a sentencing credit issue may do so only by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241."); *United States v. Lyons*, 582 F. App'x 659, 660 (6th Cir. 2014) (determining that if the BOP declines to give defendant credit for time served in state custody, he may obtain judicial review by filing a § 2241 petition after he exhausts his administrative remedies). The Sixth Circuit held that a prisoner's § 2241 petition may not be dismissed for failure to plead or attach exhibits with proof of exhaustion, as exhaustion is an affirmative defense in the context of prisoner lawsuits. *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (vacating the district court's dismissal of prisoner's § 2241 claim on exhaustion grounds and remanding for further proceedings). However, a sua sponte dismissal "may be appropriate where a petitioner's failure to exhaust is apparent from the face of the pleading itself. *Shah v. Quintana*, 17-5053, 2017 WL 7000265, at *1 (6th Cir. July 17, 2017) (finding that the district court properly dismissed Shah's § 2241 petition).

Here, Defendant Isbel failed to meet his burden to demonstrate exhaustion of his administrative remedies. It is clear from the face of Isbel's subject construed Motion that he seeks to bypass all administrative steps and proceed directly to judicial review in the sentencing court. *See Shah*, 2017 WL 7000265, at *1. Isbel not only failed to attach evidence in support of exhaustion, but it is apparent that he failed to utilize the BOP administrative review process at all. Nor did Isbel properly seek relief in the form of a §

---

[4] Isbel is incarcerated at The Federal Medical Center, Lexington, a federal prison located in Lexington, Kentucky, which is within the Eastern District of Kentucky (Central Division at Lexington).

5

2241 motion. The case is thus not yet ripe for this Court's consideration, and the Court presently lacks the jurisdiction it requires to consider Defendant Isbel's claim for relief.

Accordingly, for the reasons set forth hereinabove,

**IT IS ORDERED** that Defendant Daryl Isbel's Motion to Clarify Court's Previous Order Awarding Jail Time Credit in the Amount of Six Months (Doc. # 1581), which the Court construes as a motion seeking jail time credit toward his federal sentence for time previously served in state custody, is **denied without prejudice**.

This 1st day of February, 2018.

Signed By:
*David L. Bunning*  DB
United States District Judge

K:\DATA\ORDERS\Covington Criminal\2013\13-8 Order denying DE 1581 without prejudice.docx